IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH PERRONE,**

**Petitioner,**

**v.**

Civil Case No. 14-cv-281-DRH

**UNITED STATES OF AMERICA,**

**Respondent.**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

This matter is before the Court on Petitioner Joseph Perrone's motion for leave to appeal *in forma pauperis* (Doc. 54) and motion for appointment of counsel on appeal (Doc. 56). On May 19, 2016, the Court denied Perrone's 28 U.S.C. § 2255 petition, dismissed his case with prejudice, and declined to issue a certificate of appealability (Doc. 51). Judgement reflecting the same was entered the following day (Doc. 52). On June 13, 2016, Perrone filed a notice of appeal (Doc. 23). On that same day, he filed the motions at issue. Based on the following, the Court denies the motions for leave to appeal *in forma pauperis* (Doc. 54) and for appointment of counsel (Doc. 56).

Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal *in forma pauperis* must first file a motion in the district court requesting leave to appeal without payment of fees and costs. See FED. R. APP. P. 24(a)(1). The motion must be supported by

an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. See *id*. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, the Court finds that Perrone's appeal is not taken in good faith. In denying and dismissing Perrone's 28 U.S.C. § 2255 petition, the Court found that the Supreme Court's decision in *Burrage v. United States*, 134 S.Ct. 881 (2014) does not warrant relief as to Perrone. Specifically the Court found that there was sufficient evidence to support Perrone's sentence, given the change of plea and stipulated facts in his criminal case. Perrone signed a stipulation of facts admitting the necessary elements of the offense prior to his change of plea, and then admitted the necessary elements in his plea agreement and on the record as his plea colloquy. The Court also found that Perrone's claim of ineffective assistance of counsel was without merit. Under this standard, the Court cannot say that Perrone's motion for leave to appeal *in forma pauperis* is in good faith. Perrone's appeal is thus determined to be in bad faith and he has failed to meet

the requirements of Fed. R. App. P. 24(a)91). Accordingly, his motion is **DENIED**. Perrone shall tender the appellate filing and docketing fee of $505.00 to the Clerk of the Court on or before **July 5, 2016**, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

Looking to Perrone's motion for appointment of counsel on appeal (Doc. 56), the Court does not have the authority to appoint counsel for appeal purposes. As mentioned above, Perrone filed a notice of appeal on June 13, 2016 (Doc. 53). The filing of said notice of appeal transferred jurisdiction of this case to the Seventh Circuit Court of Appeals. Therefore Perrone should re-file the motion to appoint counsel with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

Signed this 14th day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.14 17:38:10 -05'00'

**United States District Judge**